# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brandon Lee Rupprecht, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Colby Braun, Warden, )<br>)<br>Respondent. ) | Case No. 3:16-cv-26<br><br>**REPORT AND RECOMMENDATION** |

Brandon Lee Rupprecht (Rupprecht) petitioned for habeas relief under 28 U.S.C. § 2254, (Doc. #2), but now moves to dismiss that petition without prejudice in order to first pursue post-conviction relief in state court, (Doc. #16). Respondent confirmed via email that he does not oppose the motion. (Doc. #17).

The petition alleges ineffective assistance of counsel in connection with state probation revocation proceedings. Id. After preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court ordered service on the respondent. (Doc. #6). On April 1, 2016, the respondent filed a response, (Doc. #13), and a motion to dismiss the habeas petition, (Doc. #10). In that motion, respondent contends that Rupprecht failed to exhaust his claims before the state courts in accordance with the Antiterrorism and Effective Death Penalty Act, see 28 U.S.C. § 2254(b)(1)(A), that his claims are procedurally defaulted, see Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010), or that his claims fail on the merits.

On June 13, 2016, because he had not responded to the motion to dismiss, the court ordered Rupprecht to show cause why his failure to respond should not be deemed an admission that respondent's motion was well taken under Civil Local Rule 7.1(A). (Doc. #15). In response, Rupprecht filed the motion to dismiss his habeas petition

without prejudice. (Doc. #16). In that motion, Rupprecht concedes that he failed to exhaust his state court remedies, and he states that he now wishes to raise his claims before the state courts in post-conviction proceedings prior to seeking federal habeas relief. Id.

Contrary to respondent's assertion, the state courts may not deem Rupprecht's claims procedurally defaulted. Rupprecht appealed the state district court order revoking his probation, (Resp. Ex. #8), but he later voluntarily dismissed that appeal, (Resp. Ex. #10, Resp. Ex. #11). Respondent contends that since he can no longer file an appeal, Rupprecht's claims are procedurally defaulted. (Doc. #11, p. 5). However, the North Dakota Supreme Court has stated that ineffective assistance of counsel claims should generally be raised in post-conviction proceedings, rather than on direct appeal. See State v. Schweitzer, 735 N.W.2d 873, 881 (N.D. 2007) ("an ineffective assistance claim should normally be brought in a post-conviction proceeding"); State v. Robertson, 502 N.W.2d 249, 251 (N.D. 1993) ("a claim of ineffective assistance of counsel is more effectively presented in a post-conviction proceeding"). Therefore, Rupprecht's claims may not be procedurally defaulted, and he should be afforded an opportunity to exhaust those claims before the state courts before pursuing federal habeas relief.

It is **RECOMMENDED** that respondent's motion to dismiss, (Doc. #10), be **DENIED**, that Rupprecht's motion to dismiss, (Doc. #16), be **GRANTED**, and that Rupprecht's habeas petition, (Doc. #2), be **DISMISSED** without prejudice.

Dated this 15th day of July, 2016.

                                             /s/ *Alice R. Senechal*
                                             Alice R. Senechal
                                             United States Magistrate Judge

## **NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than July 29, 2016, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.